Onesimo CEDILLO, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–117C.

United States Court of Federal Claims.

Jan. 15, 1997.

---

Onesimo Cedillo, Huntsville, TX, pro se.

Gerald Alexander, Department of Justice, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director, Washington, DC, for defendant. Major Maura T. McGowan, United States Air Force, of counsel.

*OPINION*

BRUGGINK, Judge.

This is an action under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994).[1] Plaintiff, Onesimo Cedillo, is a former enlisted man in the United States Air Force. Mr. Cedillo claims that he has been deprived of retirement pay in violation of law. Defendant has moved for summary judgment. Oral argument is deemed unnecessary. For the reasons set out herein, the motion is granted and the action dismissed.

*Background*[2]

Mr. Cedillo enlisted in the United States Air Force in 1968. He re-enlisted or extended his enlistment a number of times. As of May 9, 1988, he had accumulated twenty years and three days of total active military service. On May 27, 1988, Mr. Cedillo requested that he be retired effective September 1, 1988. He also elected to take terminal leave beginning on July 16, 1988. The Secretary of the Air Force granted the request for retirement and for extended leave on June 4, 1988.

On August 13, 1988, Mr. Cedillo was arrested by civilian police authorities. On August 16, he was arraigned on charges of attempted murder, involuntary manslaughter, and evading law enforcement officials. On August 17, 1988, the Air Force rescinded plaintiff's retirement orders, and stated that there was "administrative action pending." The Air Force also changed his duty status from terminal leave to "civilian confinement." Mr. Cedillo was eventually convicted on charges of murder and attempted murder. He was sentenced on June 8, 1989 to a total of twenty years confinement. On March 8, 1990, the Air Force changed Mr. Cedillo's duty status from pre-trial confinement (civilian) to civilian confinement (sentence conviction). By memo dated July 30, 1990, the Secretary of the Air Force declined to approve plaintiff's retirement and directed that he be discharged administratively once his conviction became final, which occurred on September 3, 1991. Mr. Cedillo's actual discharge papers reflect a separation date of April 21, 1994.

*Discussion*

█ The substance of Mr. Cedillo's claim is that he was improperly denied retirement benefits. He contends that the June 4, 1988, order directing his retirement on September 1, 1988, created "vested rights" that could not be rescinded by subsequent action. Defendant's primary argument is that this claim is outside the court's jurisdiction. The court disagrees. Mr. Cedillo contends that he has a statutory right to retirement pay. If he had been retired with an honorable discharge after twenty years of service he would have been immediately eligible for benefits. Plaintiff contends the decision to deprive him of those benefits was not in accordance with law in that it did not comport with the Constitution or the agency's own procedures. Such an allegation can be heard here.

█ Defendant's other arguments, directed to the merits and the justiciability of Mr. Cedillo's claim, are more on target. A serviceman's entitlement to pay and benefits must be traceable to a statutory source. The trouble with Mr. Cedillo's claim here is that the relevant statutory provision, 10 U.S.C. § 8914 (1992),[3] did not guarantee him a right to retirement pay:

**Twenty to thirty years: enlisted members.** Under regulations to be prescribed by the Secretary of the Air Force, an enlisted member of the Air Force who has at least 20, but less than 30, years of service ... *may*, upon his request, be retired. He then becomes a member of the Air Force Reserve, and shall perform such

1. Mr. Cedillo initially brought suit in district court under 42 U.S.C. § 1983 (1994), for violations of his civil rights. That court dismissed the complaint, pointing out that the Tucker Act was the only potential remedy for recovery of retirement benefits.

2. Defendant submitted proposed findings of fact, drawn from the Administrative Record. Plaintiff has not challenged the record or the proposed findings. He has submitted additional documentation, however, which the court has considered. The background facts in this order are drawn from the proposed findings and the documentary record presented by both sides.

3. The last sentence of § 8914 was dropped as obsolete in 1993.

active duty as may be prescribed under law . . .

As defendant points out, this provision is distinct in wording from 10 U.S.C. § 8917 (1994), which addresses servicemen with at least thirty years of service: "A regular enlisted member of the Air Force who has at least 30 years of service . . . *shall* be retired upon his request." (Emphasis added). Mr. Cedillo, in other words, had no guaranteed right of immediate retirement. His entitlement to retirement pay thus was dependent upon the approval of the Secretary of the Air Force.

The unfolding of Mr. Cedillo's retirement plans began when the Air Force rescinded his retirement orders, stating that there was "administrative action pending." The only circumstance giving color to Mr. Cedillo's claim is that the Secretary initially had, on June 4, approved his request for retirement after twenty years. Mr. Cedillo contends that the decision to rescind the retirement order could not be made before a conviction in the civil trial. The conviction occurred in June, 1989, after the scheduled September 1, 1988, effective date of retirement. Mr. Cedillo claims, in effect, that the decision to re-examine retirement was premature before conviction, and too late after conviction. He is in error. No procedures were violated by changing plaintiff's retirement status pending the outcome of the civil trial.

■ The Secretary's power to rescind the scheduled retirement is limited in Air Force Regulations ("AFR") 35–7 ¶ 2–8(b):

b. Rescinding Orders. A fully executed order for retirement, if regular and valid, is final. It may not be reopened, rescinded, or amended in the absence of fraud, manifest error, or mathematical miscalculation, mistake of law, or substantial new evidence. If the effective retirement date has passed, corrective action may be requested by applying to the Air Force Board for the Correction of Military Records. . . .

The defendant relies on the "substantial new evidence" language as grounds in this case for rescinding the retirement order. The court agrees. As of August 16, 1988, Mr. Cedillo had been arraigned on charges of attempted murder, involuntary manslaughter, and evading law enforcement officials. These charges, if they resulted in a conviction, would have been grounds for a misconduct discharge. AFR 39–10 ¶ 5–48(a)(2). Although the criminal proceedings were not complete, the fact of arraignment on such charges is, the court holds, "substantial new evidence" empowering the Secretary to rescind the retirement order and abide the result of the criminal process.

Mr. Cedillo's expectation of a retirement on September 1, 1988 was no more than that. It was composed of two phenomenon, neither of which gave him an unfettered right to demand retirement: 1) the right to ask for a twenty year retirement; and 2) the Secretary's granting of that request. The latter had not become final, however, and thus rescinding the grant left Mr. Cedillo in the position he was in before the June 4 order was issued—with a right to ask for retirement but no right to insist on it.

■ The rescission of the retirement orders and the pendency of serious civilian charges left Mr. Cedillo subject to AFR 35–7, Table 2–1, which sets out conditions that preclude submission or processing of retirement applications. In relevant part, the regulations state that if the serviceman is "under civil charges which, in case of conviction may result in the initiation of administrative discharge action," his retirement is restricted, subject to waiver "in the best interest of the Air Force." [4] Mr. Cedillo was subject to such civil charges. In her memorandum of July 30, 1990, the Secretary of the Air Force chose not to approve Mr. Cedillo's retirement and instead directed an administrative discharge. The merits of the decision not to waive the impact of his conviction on Mr. Cedillo's application for retirement are beyond this court's purview. [5]

---

4. Note 3 to the table specifically contemplates that retirement processing may be under way when the restriction arises.

5. *See Adkins v. United States*, 68 F.3d 1317, 1322 (Fed.Cir.1995). The court has closely read plaintiff's filings for other challenges, procedural or constitutional, to the Secretary's decision to re-

*Conclusion*

Mr. Cedillo does not have a statutory right to retirement pay, and the decision to rescind his initial retirement orders did not violate any provision of law. Defendant's motion for summary judgment is granted. The Clerk is directed to dismiss the complaint. No costs.

scind retirement. The court has considered them and concludes they have no merit. The court notes that the circumstances do not permit a finding that the Air Force waived a right to discharge Mr. Cedillo for misconduct. *See* AFR 39–10 ¶ 5–48(c)(4). The class action settlement alluded to in Mr. Cedillo's Jan. 2, 1997 filing is inapplicable, insofar as he would not have been placed in the inactive reserve until retirement. *See* 10 U.S.C. § 8914 (1992).