**Onesimo CEDILLO, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 97–5057.

United States Court of Appeals,
Federal Circuit.

Aug. 25, 1997.

Onesimo Cedillo, Huntsville, TX, pro se.

Gerald M. Alexander, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Joseph A. Kijewski, Assistant Director.

Before ARCHER, Chief Judge, MICHEL and LOURIE, Circuit Judges.

---

PER CURIAM.

Onesimo Cedillo appeals from the judgment of the United States Court of Federal Claims dismissing his action for recovery of retirement benefits. *Cedillo v. United States*, 37 Fed.Cl. 128 (1997). Because the court did not err in determining that the denial of Cedillo's request for retirement benefits was in accordance with law, we affirm.*

## BACKGROUND

Cedillo enlisted in the United States Air Force in 1968. In May 1988, having accumulated over twenty years of service, he requested that he be retired, effective September 1, 1988. He elected to take terminal leave beginning July 16, 1988 and the Secretary of the Air Force granted his requests for retirement and terminal leave on June 4, 1988. In August 1988, Cedillo was arrested by civilian police officers and later arraigned on charges of attempted murder, involuntary manslaughter, and evading law enforcement officials. The Air Force then rescinded his retirement order, before his effective retirement date, citing pending administrative action.

Cedillo was eventually convicted on charges of murder and attempted murder. His conviction was affirmed by the Court of Appeals for the Thirteenth Judicial District of Texas. After his conviction, the Air Force declined to approve Cedillo's retirement request and directed that he be discharged pursuant to Air Force Regulation 39-10, as an "approved administrative discharge," when his conviction became final. Effective April 24, 1994, Cedillo was discharged "under other than honorable conditions" pursuant to that regulation.

Cedillo filed suit in the Court of Federal Claims, claiming that the Air Force denied him retirement benefits in violation of law. The government moved for judgment on the administrative record pursuant to Court of Federal Claims Rule 56.1. In response, Ced-

illo argued that the decision to rescind the retirement order should not have been made until the conviction was final, which occurred after the effective date of his retirement. He therefore contended that the decision to re-evaluate his retirement was premature if made before his conviction and too late if made after his conviction. The court did not agree. It analyzed the Secretary's authority to rescind a scheduled retirement as set forth in Air Force Regulation 35-7 ¶ 2-8(b):

> b. Rescinding Orders. A fully executed order for retirement, if regular and valid, is final. It may not be reopened, rescinded, or amended in the absence of fraud, manifest error, or mathematical miscalculation, mistake of law, or substantial new evidence. If the effective retirement date has passed, corrective action may be requested by applying to the Air Force Board for the Correction of Military Records....

The court concluded that Cedillo's arraignment constituted "substantial new evidence" empowering the Air Force to rescind the retirement order. The court further found that "[t]he merits of the decision not to waive the impact of his conviction on Mr. Cedillo's application for retirement are beyond this court's purview," citing *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed.Cir.1995) ("The merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review."). Accordingly, the court granted the government's motion and dismissed the action. Cedillo now appeals to this court.

## DISCUSSION

■ We review decisions of the Court of Federal Claims for errors of law and clearly erroneous factual findings. *Cooper v. United States*, 827 F.2d 762, 763 (Fed.Cir.1987).

On appeal, Cedillo argues that there was no substantial new evidence at the time the retirement order was issued and that the Air Force therefore had no authority to rescind

---

* We originally issued a nonprecedential opinion affirming the judgment of the Court of Federal Claims. *Cedillo v. United States*, No. 97–5057, 119 F.3d 16 (Fed.Cir.1997). Pursuant to Fed. Cir. R. 47.6(c), the government subsequently re-

quested reissuance of the opinion as a precedential disposition. We grant the request and, pursuant to that rule, we have reprepared the opinion as appropriate.

the retirement order. In particular, he argues that he had not yet been convicted at the time of the rescission, even though the rescission occurred before his retirement was effective. He also argues that the Air Force was obligated to fulfill his enlistment contract by providing him with retirement benefits, as he was vested with over twenty years of service and thus had fulfilled his obligations under the enlistment contract. The government responds that providing retirement benefits is within the discretion of the Air Force and that the arraignment itself was substantial new evidence authorizing it to rescind the retirement order. It also argues that its denial of Cedillo's request for retirement benefits was proper and in accordance with its regulations.

■ We agree with the government that the Air Force properly complied with the law in denying Cedillo retirement benefits. The statutory basis for retirement from the Air Force reads:

Under regulations to be prescribed by the Secretary of the Air Force, an enlisted member of the Air Force who has at least 20, but less than 30, years of service .... *may*, upon his request, be retired.

10 U.S.C. § 8914 (1994) (emphasis added). By using the permissive "may," the statute indicates that the decision to grant retirement is discretionary. The Court of Federal Claims thus did not err in interpreting section 8914 and concluding that the Air Force was not obligated under law to provide Cedillo with retirement benefits.

■ Under the regulation quoted above, the Air Force had the authority to rescind the retirement order based upon substantial new evidence. The regulation does not limit substantial new evidence to service-connected actions or "final" actions such as a final conviction. Although the criminal proceedings at the time were not complete, the Court of Federal Claims found that Cedillo's arraignment on the corresponding charges was complete and that those charges, if resulting in conviction, would provide the Air Force with a basis for a misconduct discharge. *See* Air Force Regulation 39–10 ¶ 5–48(a)(2). We thus conclude that the court did not clearly err in finding that the arraignment constitut-

ed substantial new evidence and that the Air Force properly followed its regulations in rescinding Cedillo's retirement order.

Cedillo also argues that the Air Force should not have considered his conviction because it resulted from civilian, not service-connected, conduct. However, he was denied retirement benefits pursuant to Air Force Regulation 39–10 ¶ 5–48(a)(2), which reads:

a. Airmen are subject to discharge for misconduct based on conviction by civilian authorities or action tantamount to a finding of guilty, including similar adjudications in juvenile proceedings, when:

. . .

(2) The sentence by civilian authorities includes confinement for 6 months or more without regard to suspension or probation.

Cedillo's conduct falls within this regulation. He was convicted by civilian authorities and sentenced to more than six months confinement. The Air Force thus properly followed its regulations in considering his pre-discharge conviction when it denied his request for retirement benefits. Since the grant of retirement benefits was permissive with the Secretary, she was entitled to deny Cedillo retirement benefits based on his discharge under other than honorable conditions. Accordingly, the Court of Federal Claims did not err in concluding that the Air Force's denial of Cedillo's request for retirement benefits was not a violation of law.

We have considered Cedillo's other arguments, including his procedural and constitutional arguments, and conclude that he has not shown error in the decision of the Court of Federal Claims. Finally, we may not address his arguments concerning the merits of the Air Force's decision. *See Murphy v. United States,* 993 F.2d 871, 873 (Fed.Cir. 1993) ("The court is not called upon to exercise any discretion reserved for the military, it merely determines whether the procedures were followed by applying the facts to the statutory or regulatory standard.").

## CONCLUSION

The Court of Federal Claims did not err in determining that the denial of Cedillo's re-

quest for retirement benefits was in accordance with law. Accordingly, we affirm its judgment.

*AFFIRMED.*